Paul W. Moncrief, Esq. SBN 204239
Paul Hart, Esq., SBN 237766
JOHNSON & MONCRIEF, PLC
295 Main Street, Suite 600
Salinas, CA 93901
Telephone: (831) 759-0900
Facsimile: (831) 759-0902

Attorney for Plaintiffs G & H Farms, LLC; John S. Tamagni & Sons, Inc.; Pedrazzi Farms, Inc.; Ed Mehl; and C&G Farms, Inc.,

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HIGASHI FARMS, INC., a corporation; K&S Farms, LLC, a limited liability company; M. NISHIMORI FARMS, INC., a corporation; MANN PACKING CO., INC., a corporation; MARTIN JEFFERSON & SONS, a partnership; MERRILL FARMS, LLC, a limited liability company; NEW STAR FRESH FOODS, LLC, a limited liability company; TAYLOR FARMS CALIFORNIA, INC., a corporation;<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF THE WEST, a California banking corporation, As Administrative Agent for itself, AGSTAR FINANCIAL SERVICES, PCA/FLCA, and FCS FINANCIAL, PCA; STEVE FRANSON, as Receiver for SALYER AMERICAN FRESH FOODS, a California corporation,<br><br>Defendants. | Case No. 09-cv-04983 ~~JW~~ JF<br><br>**STIPULATION FOR INTERVENTION; ~~[PROPOSED~~ ~~ORDER THEREON]~~** |

*Stipulation for Intervention*                                          1
Case No. 09-cv-04983 JW

| | |
|---|---|
| 1<br>2<br>3<br>4 | G&H FARMS, LLC, a California limited liability company; JOHN S. TAMAGNI & SONS, INC., a California corporation; PEDRAZZZI FARMS, INC., a California corporation; ED MEHL, an individual; and C&G Farms, Inc., |
| 5 | Intervening Plaintiffs |
| 6 | v. |
| 7<br>8<br>9<br>10<br>11 | BANK OF THE WEST, a California banking corporation, As Administrative Agent for itself, AGSTAR FINANCIAL SERVICES, PCA/FLCA, and FCS FINANCIAL, PCA; STEVE FRANSON, as Receiver for SALYER AMERICAN FRESH FOODS, a California corporation; and DOES 1 through 50, Inclusive. |
| 12 | Defendants. |

## **STIPULATION OF INTERVENTION**

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, the above captioned Plaintiffs/Intervenors move to intervene in this action and state that all parties who have appeared herein stipulate and agree to such intervention.

As grounds therefore, the intervenors state as follows:

1. Intervenors assert that they are trust creditors under the provisions of section 499e(c) of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. §§499a-499q (as amended in 1995), (hereafter designated at "PACA"). A copy of the complaint in intervention lodged with this Court is attached hereto as **Exhibit A**.

2. On or about October 28, 2009, Plaintiffs, also asserting rights under PACA, filed a complaint for, *inter alia,* enforcement of the statutory trust provisions of PACA and violation of the PACA.

3. The courts have consistently held that all PACA creditors are entitled to pro-rata distribution of trust assets. In re Milton Poulos, Inc., 107 B.R. 715 (9th Cir. B.A.P. 1989); In re United Fruit & Produce, 86 B.R. 14 (Bankr. D. Conn. 1988).

4. Since all PACA trust creditors are entitled to their pro-rata distribution of the trust assets, they must be joined pursuant to Federal Rule of Civil Procedure 19(a) because, in their absence, complete relief cannot be accorded among those already parties to the action.

5. Plaintiffs/Intervenors wish to intervene in this action in order to participate in any hearing scheduled by the Court and to enforce their PACA trust rights against the defendants and to assert the PACA trust claims against the assets that are the subject of this action. Further, Plaintiffs/Intervenors are so situated that the disposition of the action may as a practical matter impair or impede the Plaintiffs/Intervenors' ability to protect their interests.

6. All parties of record to this action agree to intervention by the Plaintiffs/Intervenors. Therefore, there is no just reason for denying the Stipulation of Intervention.

7. This Stipulation of Intervention may be signed in counterparts, on different dates and at different locations all of which taken together shall constitute one and the same document.

IT IS SO STIPULATED

JOHNSON & MONCRIEF, PLC

*[signature]*

Paul Hart,
Attorneys for Intervening Plaintiffs

RYNN & JANOWSKY, LLP

*[signature]*

Pat Rynn
Attorneys for Plaintiffs

## ORDER

Having read and considered the foregoing Stipulation, and good cause appearing therefore,

IT IS HEREBY ORDERED that said Stipulation is granted and the proposed Complaint in Intervention may be filed and served, and that the defendants are granted 20 days after service of said Complaint in which to file their respective answers or other responsive pleadings.

DATED: 12/10/09

_____
DISTRICT COURT JUDGE