1   Kelly McCarthy Sutherland, Esq. SBN168222
Lombardo & Gilles, LLP
2   318 Cayuga Street
Salinas, CA 93901
3   Telephone: (831) 754-2444
Facsimile: (831) 754-2011
4
Attorney for Plaintiffs Sabor Farms, LLC
5

6

7                IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                       SAN JOSE DIVISION

10
HIGASHI FARMS, INC., a corporation; K&S          )  Case No.  09-cv-04983 JF
11  Farms, LLC, a limited liability company; M.      )
NISHIMORI FARMS, INC., a corporation; MANN        )  **COMPLAINT IN INTERVENTION**
12  PACKING CO., INC., a corporation; MARTIN         )  **FOR VIOLATIONS OF THE**
JEFFERSON & SONS, a partnership; MERRILL          )  **PERISHABLE AGRICULTURAL**
13  FARMS, LLC, a limited liability company; NEW     )  **COMMODITIES ACT ("PACA") [7**
STAR FRESH FOODS, LLC, a limited liability        )  **U.S.C. §449a et seq.]**
14  company; TAYLOR FARMS CALIFORNIA, INC.,          )
a corporation;                                    )   1. **Breach of Contract;**
15                                                  )   2. **Common Counts;**
                                                   )   3. **Enforcement of the Statutory**
16                Plaintiffs,                        )      **Trust Provisions of PACA, 7**
                                                   )      **U.S.C. §499e(c);**
17  v.                                              )   4. **Violation of PACA: Failure to**
                                                   )      **Account and Pay Promptly, 7**
18                                                  )      **U.S.C. §499b(4);**
BANK OF THE WEST, a California banking            )   5. **Unjust Enrichment;**
19  corporation, As Administrative Agent for itself, )   6. **Conversion;**
AGSTAR FINANCIAL SERVICES, PCA/FLCA,              )   7. **Constructive Trust and**
20  and FCS FINANCIAL, PCA; STEVE FRANSON,           )      **Accounting due to breach of**
as Receiver for SALYER AMERICAN FRESH            )      **fiduciary duty;**
21  FOODS, a California corporation,                 )   8. **Breach of fiduciary duty to**
                                                   )      **PACA trust beneficiaries;**
22  FOODS, a California corporation,                 )   9. **For Injunctive Relief and/or**
                                                   )      **Temporary Restraining Order;**
23                Defendants.                        )      **and**
                                                   )   10. **Declaratory Relief**
24  _____             )

25

26

27

28  *Sabor's Complaint in Intervention for Violations of the Perishable*
    *Agricultural Commodities Act*                    1
    Case No. 09-cv-04983 JF

1   SABOR FARMS, LLC,                                )
                                                     )
2           Intervening Plaintiff,                   )
                                                     )
3                                                    )
    v.                                               )
4                                                    )
    SALYER AMERICAN FRESH FOODS, a                   )
5   California corporation, BANK OF THE WEST, a      )
    California banking corporation, As Administrative )
6   Agent for itself, AGSTAR FINANCIAL              )
    SERVICES, PCA/FLCA, and FCS FINANCIAL,           )
7   PCA; STEVE FRANSON, as Receiver for              )
    SALYER AMERICAN FRESH FOODS, a                   )
8   California corporation; and DOES 1 through 50,    )
    Inclusive,                                        )
9                                                    )
                                                     )
10          Defendants.                              )
                                                     )
11  _____ )

12

13          Intervening Plaintiff Sabor Farms, LLC ("Plaintiff") hereby complains and alleges as

14  follows:

15                                          I.

16                          **JURISDICTION AND VENUE**

17          1.      This court has jurisdiction of this case pursuant to Section 5(c)(5) of the

18  Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "PACA"), 28 U.S.C.

19  §1331, and 28 U.S.C. §1367.

20          2.      Venue in this District is proper under 28 U.S.C. §1391(b) because 1) Defendants

21  reside in this District; and 2) a substantial part of the events or omissions giving rise to this

22  claim occurred in this District.

23                                          II.

24                             **THE PARTIES**

25          3.      Plaintiff realleges and incorporates by reference paragraphs 1 through 2 as

26  though fully set forth herein.

27

28  _Sabor's Complaint in Intervention for Violations of the Perishable_
    _Agricultural Commodities Act_                    2
    Case No. 09-cv-04983 JF

1   4. Plaintiff Sabor Farms is a grower of wholesale quantities of perishable

2 agricultural commodities in interstate and/or foreign commerce that entered into contracts to

3 grow perishable agricultural commodities for Defendant Salyer American Fresh Foods ("Salyer

4 American").

5   5. Plaintiff Sabor Farms is a limited liability company organized to do business

6 under the laws of the state of California with its principal place of business in Salinas,

7 California.  Plaintiff holds a valid PACA license (number 20100568) which was issued March

8 4, 2010.

9   6. Plaintiff is informed, believes, and thereon alleges that Defendant Steve Franson

10 ("Franson") is the receiver appointed for Salyer American.

11   7. Plaintiff is informed, believes, and thereon alleges that Defendant Salyer

12 American is a California corporation organized and doing business under the laws of the State

13 of California, with its principal place of business in Monterey, California.

14   8. Plaintiff is informed, believes and thereon alleges that Defendant Bank of the

15 West is a California banking corporation, and that it is acting as Administrative Agent for itself,

16 AgStar Financial Services, PCA/FLCA, and FCS Financial, PCA ("Bank").

17   9. Salyer American, Franson and the Bank may be referred to herein as

18 "Defendants."

19   10. At all times relevant herein, Salyer American was engaged in the business of

20 buying and selling perishable agricultural commodities in wholesale quantities in interstate

21 and/or foreign commerce, qualified as a "dealer" under 7 U.S.C. § 499a(b)(6), and held a valid

22 PACA license (PACA license number 19871666).  As such, Salyer American and Franson, as

23 receiver for Salyer American, were subject to the provisions of the PACA and all of its rules and

24 regulations.

25   11. Plaintiff is informed, believes and thereon alleges that Defendants are statutory

26 trustees of the assets of Salyer American, because they are in positions to control and do control

27

28 *Sabor's Complaint in Intervention for Violations of the Perishable*

1  the PACA trust assets that are the subject of this lawsuit.

2      12.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

3  DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names.

4  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5  Plaintiff is informed and believes, and thereon alleges that each of these fictitiously named

6  Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's

7  damages as alleged herein were proximately caused by their conduct.

8  ### III.

9  ### GENERAL ALLEGATIONS

10      13.    Plaintiff realleges and incorporates by reference paragraphs 1 through 12 as

11  though fully set forth herein.

12      14.    During the 2009 grow season, pursuant to oral agreements, Plaintiff grew and

13  delivered to Salyer American, and Salyer American received and accepted from Plaintiff,

14  perishable agricultural commodities for the combined principal sales price of at least

15  $315,772.34.

16      15.    Salyer American has failed to pay this agreed sales price, all of which is now past

17  due, despite Plaintiff's demands.

18      16.    Salyer American received and accepted each and every load of perishable

19  agricultural commodities grown and delivered by Plaintiff without objection or complaint.

20      17.    Plaintiff gave Salyer American a timely notice of intent to preserve PACA trust

21  rights corresponding to the perishable agricultural commodities grown and delivered, and Salyer

22  American received that notice.  On or about May 4, 2009, Salyer American signed off on that

23  Notice of Intent to Preserve Trust Benefits ("Notice"), thereby agreeing that the amount owed is

24  at least $87,507.00 (Notice, Exhibit 1), plus the unpaid sales represented by Exhibits 2, 3, and 4

25  of the Notice.  In total, these amount to at least $315,772.34.

26      18.    On April 29, 2009, the Bank filed a complaint against Salyer American in the

27

28  
*Sabor's Complaint in Intervention for Violations of the Perishable Agricultural Commodities Act*
Case No. 09-cv-04983 JF

4

1   Superior Court of California, County of Monterey (Case No. M98573) alleging breach of

2   contract by Salyer American.  On May 4, 2009, the bank filed an ex parte application for

3   appointment of a receiver and temporary restraining order.

4        19.    On May 6, 2009, the Superior Court appointed Franson as the receiver for Salyer

5   American.

6        20.    From on or about May 6, 2009, Franson, as the receiver for Salyer American,

7   controlled Salyer American and had control and direction over the PACA trust assets held by

8   Salyer American.  Franson told Plaintiff in our about July 2009 that Sabor was entitled to be

9   paid all amounts owed from the PACA trust account.

10        21.    Plaintiff is informed and believes and on that basis alleges that Franson, as the

11   Receiver for Salyer American, has diverted or transferred the PACA trust assets to the control of

12   the Bank or abdicated his role of trustee to the Bank by allowing the Bank to dictate which

13   claims should be paid and which claims should not be paid.

14        22.    Plaintiff is informed and believes and on that basis alleges that the funds in an

15   amount of at least $315,772.34, all of which is subject to Plaintiff's PACA trust rights, are being

16   held by Bank.

17                            **IV.**

18                   **FIRST CAUSE OF ACTION**

19             (Breach of Contract Against Defendant Salyer)

20

21        23.    Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as

though fully set forth herein.

22        24.    At all times relevant herein, Salyer American was engaged in the handling of

23

24   produce in interstate commerce as a commission merchant, dealer, and/or subject to the

provisions of PACA and regulations promulgated by the Secretary of Agriculture of the United

25   States of America pursuant to the PACA.

26        25.    In the 2009 grow season, pursuant to agreements, Plaintiff grew and delivered to

27

28

*Sabor's Complaint in Intervention for Violations of the Perishable*
*Agricultural Commodities Act*             5
Case No. 09-cv-04983 JF

1  Salyer American, and Salyer American received and accepted from Plaintiff, perishable

2  agricultural commodities for the combined principal sales price of at least $315,772.34.

3       26.    Salyer American received and accepted each and every load of perishable

4  agricultural commodities grown and delivered by Plaintiff without objection or complaint.

5       27.    Plaintiff gave Salyer American a timely notice of intent to preserve PACA trust

6  rights corresponding to the perishable agricultural commodities grown and delivered, and Salyer

7  American received that notice.

8       28.    Salyer American has failed to pay this agreed sales price, despite Plaintiff's

9  repeated demands.

10       29.    Plaintiff has performed all conditions, covenants, and obligations required to be

11  performed by Plaintiff for the agreements for the sales of produce as set forth herein.

12       30.    As a direct and proximate cause of the failure of Salyer American to remit

13  payment due to Plaintiff as described above, Plaintiff has suffered losses in the cumulative

14  principal amount of at least $315,772.34 plus interest, collection costs, and attorney's fees.

15  **V.**

16  **SECOND CAUSE OF ACTION**

17  (Common Counts Against Defendant Salyer)

18

19       31.    Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as

    though fully set forth herein.

20       32.    During the 2009 grow season, Defendant Salyer American became indebted to

21  Plaintiff in the cumulative amount of at least $315,772.34 for produce sold and delivered by

22  Plaintiff to Salyer American.

23       33.    $315,772.34, which is the reasonable value of the produce, is due and unpaid

24  despite Plaintiff's demands, plus interest, collection costs, and attorney's fees.

25  //

26  //

27

28  *Sabor's Complaint in Intervention for Violations of the Perishable*
*Agricultural Commodities Act*       6
Case No. 09-cv-04983 JF

# VI.

## __THIRD CAUSE OF ACTION__

(Enforcement of the Statutory Trust Provisions of PACA (7 U.S.C. §499e(c)) Against All

Defendants)

34.     Plaintiff reallages and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35.     Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

36.     The perishable agricultural commodities that are the subject of this action were contracted to be purchased in the course of interstate and/or foreign commerce.

37.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of PACA, upon receipt of the produce sold by Plaintiff to Salyer American, Plaintiff became the beneficiaries of a floating, non-segregated statutory trust on all of Salyer American's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

38.     Pursuant to the statutory trust provisions of PACA (7 U.S.C. §499e(c)(1)-(4)), Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve their trust benefits in total cumulative principal amount of at least $315,772.34.

39.     Plaintiff is informed and believes for the reasons alleged above that Salyer American and Franson, as Receiver for Salyer American, are statutory trustees under the PACA. The PACA requires a trustee to hold and preserve such goods, inventories, proceeds, and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that Salyer American and Franson have failed to perform the requirements of the PACA trust provisions, express and implied, and have

1    breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of

2    the PACA, 7 U.S.C. §499(b)(4) and 7 C.F.R. §46.46.

3        40.    Plaintiff is informed and believes and upon that basis alleges that Franson has

4    transferred or diverted the trust assets, and is continuing to transfer or divert trust assets, namely

5    receivables or proceeds derived from the sale of produce purchased from Plaintiff to the Bank

6    and/or to an unknown third party or parties in violation of the PACA trust provisions.   The

7    statutory trust created by the PACA gives priority to the interest of Plaintiff on all inventories of

8    products derived from the sale of agricultural commodities and on any receivables or proceeds

9    from the sale of such commodities or products that have been transferred to secured or

10   unsecured creditors.

11       41.    Plaintiff is informed and believes and upon that basis alleges that the Bank is a

12   lender of Salyer American that has received PACA trust assets with the knowledge that the

13   assets are subject to the PACA trust and should have been held in trust by Salyer American or

14   Franson for the benefit of Salyer American's PACA trust creditors, including Plaintiff.  Plaintiff

15   is informed and believes and thereon alleges that Franson, as the Receiver for Salyer American,

16   has either transferred PACA trust assets to the Bank in violation of PACA, or is holding such

17   funds for the disbursement to creditors in accordance with the direction of the Bank, in violation

18   of the PACA.  As a result, Plaintiff is informed and believes and thereon alleges that the Bank

19   was, from at least May 6, 2009, an insider who controlled the assets of Salyer American.

20       42.    As such, the Bank holds all transferred, diverted, and/or seized PACA trust assets

21   in trust for the benefit of Plaintiff and other properly perfected PACA trust beneficiaries of

22   Salyer American.

23       43.    As a direct and proximate cause and result of the wrongful acts and omissions of

24   the Defendants, Plaintiff has suffered the cumulative loss in the principal amount of at least

25   $315,772.34, plus interest, collection costs, and attorney's fees, of which at least $315,772.34

26   qualifies for protection under the PACA trust.

27

28

**VII.**

**FOURTH CAUSE OF ACTION**

(Violation of the PACA: Failure to Account and Pay Promptly Against Salyer American and

Franson)

44.    Plaintiff realleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45.    Plaintiff has repeatedly demanded that Salyer American and Franson pay the amounts due stated above, cumulatively totaling the principal amount of at least $315,772.34 for the produce that Plaintiff sold and delivered or grew for and delivered to Salyer American as described above.  Despite these demands, Salyer American and Franson have failed and refused to truly, correctly, and accurately account for and make full payment of the proceeds of those transactions.    Consequently, Salyer American and Franson have breached their duties to account, to make full payment promptly for all sums due to Plaintiff, and to maintain the PACA trust, so as to be freely available to pay Plaintiff, all in violation of  the PACA, 7 U.S.C. §499b(4).

46.    As a direct and proximate cause of the wrongful act and omissions of Franson, as alleged above, Plaintiff has suffered damages in the cumulative principal amount of at least $315,772.34 in net sale proceeds due and owing from Plaintiff and wrongfully withheld or wrongfully diverted by Franson.

47.    Plaintiff seeks an entry of an order directing Salyer American and Franson to immediately pay the principal amount of at least $315,772.34 plus interest, attorney's fees, and collection costs.

**VIII.**

**FIFTH CAUSE OF ACTION**

(For Unjust Enrichment Against All Defendants)

48.    Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49.     Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff and/or the proceeds therefrom, valued in the cumulative principal amount of at least $315,772.34.

50.     If Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

51.     As a direct and proximate cause of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the principal amount of at least $315,772.34.

### IX.

### SIXTH CAUSE OF ACTION

(Conversion Against All Defendants)

52.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53.     At all times relevant herein, Plaintiff was, and currently is, entitled to possession of specific funds as alleged herein in the total cumulative principal amount of at least $315,772.34.

54.     Plaintiff has repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused, and continue to fail and refuse to turn over such sums of money to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants have diverted the goods delivered to Salyer American by Plaintiff, and/or the proceeds therefrom, to themselves and/or unknown third parties, in violation of California law.

### X.

### SEVENTH CAUSE OF ACTION

(For Constructive Trust and Accounting Due to Breach of Fiduciary Duty Against All Defendants)

55.     Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as

*Sabor's Complaint in Intervention for Violations of the Perishable Agricultural Commodities Act*
Case No. 09-cv-04983 JF

10

1    though fully set forth herein.

2        56.    By reason of the wrongful manner in which Defendants obtained possession

3    and/or their alleged right, claim, or interest therein to the PACA trust assets, Defendants have no

4    legal or equitable right, claim, or interest therein.   Rather, Defendants are involuntary trustees

5    holding said PACA trust assets in constructive trust for Plaintiff with the duty to convey to said

6    PACA trust assets to Plaintiff.

7        57.    As a direct and proximate cause of the Defendants' wrongful conduct as alleged

8    herein, Plaintiff has been damaged in the cumulative principal amount of at least $315,772.34

9    plus interest, attorney's fees, and collection costs.

10                    **XI.**

11              **EIGHTH CAUSE OF ACTION**

12        (Breach of Fiduciary Duty to PACA Trust Beneficiaries Against Franson)

13        58.    Plaintiff realleges and incorporates by reference paragraphs 1 through 57 as

14    though fully set forth herein.

15        59.    From on or about May 6, 2009 until now, Franson, as the Receiver for Salyer

16    American, was in charge of all aspects of Salyer American's business undertakings.

17        60.    From on or about May 6, 2009 until now, Franson, as the Receiver for Salyer

18    American, was an insider with actual and constructive knowledge of the PACA trust and the

19    provisions set forth therein and who is, and at all times relevant herein was, responsible for the

20    daily management and control of Salyer American.

21        61.    Plaintiff is further informed and believes and thereon alleges that from on or

22    about May 6, 2009 until now, Franson, as the Receiver for Salyer American, was a statutory

23    trustee under the PACA because he was in a position to control the PACA trust assets that are

24    the subject of this complaint.

25        62.    Plaintiff is further informed and believes and thereon alleges that from on or

26    about May 6, 2009 until now, Franson, as the Receiver for Salyer American, had the authority to

27

28    *Sabor's Complaint in Intervention for Violations of the Perishable*
    *Agricultural Commodities Act*       11
    Case No. 09-cv-04983 JF

1  direct the payment of Salyer American's operating funds and otherwise had the power and

2  control to direct the disposition of the PACA trust assets that are the subject of this complaint.

3      63.    Plaintiff is further informed and believes and thereon alleges that from on or

4  about May 6, 2009 until now, Franson, as the Receiver for Salyer American, was a statutory

5  trustee with a duty to safeguard the PACA trust assets and was required to maintain said PACA

6  trust assets in such a manner to ensure that there were sufficient trust assets to satisfy all PACA

7  trust obligations, including those owed to Plaintiff.

8      64.    Plaintiff is further informed and believes and thereon alleges that from on or

9  about May 6, 2009 until now, Franson, as the Receiver for Salyer American, has diverted or

10  transferred the PACA trust assets to the control of the Bank, despite the Bank having actual or

11  constructive notice of the requirements of the PACA trust.

12      65.    Plaintiff has repeatedly demanded that Franson, as the Receiver for Salyer

13  American, pay all amount due stated amount, in the cumulative principal amount of at least

14  $315,772.34 for the produce grown and delivered or sold and delivered to Salyer American as

15  described above.  Despite these demands, Franson has failed and refused to truly, correctly, and

16  accurately account for and make full payment of the proceeds of those transactions.

17      66.    Since from on or about May 6, 2009 until now, Franson, as the Receiver for

18  Salyer American, controlled Salyer American and had control and power over the PACA trust

19  assets that are the subject of this complaint.  Franson is aware that Salyer American has not paid

20  Plaintiffs for the produce sold and delivered.  Thus, Franson has failed to perform his statutory

21  obligations under the PACA and has breached his fiduciary duties under the PACA trust.

22      67.    Franson and/or the Bank hold any and all PACA trust assets that came into their

23  possession as trustees under the PACA trust for benefit of Plaintiff.

24      68.    As a direct can proximate cause of the wrongful acts and omissions of Franson as

25  described above, Plaintiff has suffered damaged in the cumulative principal amount of at least,

26  $315,772.34 in net sales proceeds due and owing to Plaintiff and wrongfully withheld or

27

28  *Sabor's Complaint in Intervention for Violations of the Perishable*
*Agricultural Commodities Act*          12
Case No. 09-cv-04983 JF

1    wrongfully diverted by Franson, plus interest, collection costs, and attorney's fees.

2                                           **XII.**

3                              **NINTH CAUSE OF ACTION**

4            (Injunctive Relief and/or Temporary Restraining Order Against All Defendants)

5            69.    Plaintiff realleges and incorporates by reference paragraphs 1 through 68 as

6    though fully set forth herein.

7            70.    Pursuant to the provisions of PACA and specifically 7 U.S.C. §449a et seq. and

8    499e(c)(1) through (4), inclusive, perishable agricultural commodities received by a commission

9    merchant, broker or dealer in all transactions and all inventories or other products derived from

10   these products are held in trust by the receiver for the benefit of the unpaid supplier until such

11   suppliers receive full payment of sums owed in connection with such transactions.

12           71.    Defendants have failed to pay their undisputed PACA trust debts to Plaintiff

13   which are the subject of this complaint.  Plaintiff is informed and believes and thereon alleges

14   that the PACA trust assets are dissipating and will continue to dissipate unless Defendants are

15   restrained.

16           72.    If such diversion of assets is allowed to continue, Plaintiff will suffer great and

17   irreparable harm in that the PACA trust assets will not be preserved and Plaintiff will be unable

18   to pay their own creditors.

19           73.    Therefore, Plaintiff requests that this Court enter an ex parte order for an

20   accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust.  In

21   the alternative, Plaintiff requests that this Court enter a temporary restraining order directing that

22   Defendants, Defendants' officers, directors, shareholders, bankers, attorneys, agents or any other

23   person acting on Defendants' behalf not disturb, transfer or otherwise dissipate the PACA trust

24   assets pending a hearing on the Plaintiff's Application for Injunctive Relief.

25           74.    Defendants will not be damaged or injured in any way by the requested relief

26   because the assets they hold are due and owing to Plaintiff. Further, to the extent the assets are

27

28   *Sabor's Complaint in Intervention for Violations of the Perishable*
     *Agricultural Commodities Act*                        13
     Case No. 09-cv-04983 JF

1   secured by the PACA trust, such assets rightfully belong to Plaintiff and are held in trust by

2   Defendants for the benefit of Plaintiff.

3                                         **XIII.**

4                               **TENTH CAUSE OF ACTION**

5                          (Declaratory Relief Against All Defendants)

6          75.     Plaintiff realleges and incorporates by reference paragraphs 1 through 74 as

7   though fully set forth herein.

8          76.     An actual controversy has arisen and now exists relating to the rights and duties

9   of the parties herein in that Plaintiff contends that the PACA trust requires the Defendants to

10  preserve the trust assets for the benefit of the Plaintiff until Plaintiff is fully paid and the

11  Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust

12  provisions.

13         77.     Plaintiff seeks an Order of this Court declaring that their PACA trust claims are

14  superior to and have priority over all claims, except as to those other properly perfected PACA

15  trust creditors, to Sayler American's PACA trust assets (including, but not limited to, the PACA

16  trust assets diverted to, transferred to, and/or seized by Franson and the Bank) and that any

17  perfected security interest which a third party might have in the Salyer American accounts

18  receivables, inventory, proceeds, or other property is secondary and specifically avoidable, as a

19  matter of law, to satisfy payments to Sayler American's PACA trust creditors.

20         78.     In addition, Plaintiff seeks a declaratory judgment from this Court establishing

21  that Sayler American's PACA trust assets are not the property of Sayler American, Franson,

22  and/or the Bank and that Plaintiff, and or any other PACA trust beneficiaries who have properly

23  perfected their PACA trust rights, are therefore entitled to immediate turnover of such assets and

24  that the Sayler American PACA trust assets held by Franson and/or the Bank may not be used to

25  pay any non-PACA claim or for any other purpose without the consent of Plaintiff, until

26  Plaintiff and other property perfected PACA trust creditors have been paid in full, plus interest,

27

28  *Sabor's Complaint in Intervention for Violations of the Perishable*
    *Agricultural Commodities Act*                    14
    Case No. 09-cv-04983 JF

1 | collection costs, and attorney's fees.

2      79.      Plaintiff also seeks an order from the Court declaring that all PACA trust assets

3 | transferred, diverted, or seized by Franson and/or the Bank are held in trust by Franson and/or

4 | the Bank for the benefit of Salyer American's PACA trust creditors, including Plaintiff, and that

5 | Franson and/or the Bank must immediately disgorge these assets until Plaintiff and other

6 | similarly situated properly perfected PACA trust beneficiaries of Salyer American have been

7 | paid in full for the perishable agricultural commodities that they sold to Salyer American.

8      80.      Plaintiff seeks a further order from the Court requiring Franson, as the Receiver

9 | for Sayler American, to file with the Court a report which lists all potential PACA claims

10 | against Sayler American and the amounts thereof, and evidence that sum sufficient to satisfy all

11 | such claims has been deposited in an interest bearing account for the benefit of the trust

12 | creditors and shall be safeguarded until further order of this Court

13      WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

14                              **FIRST CAUSE OF ACTION**

15                          (Breach of Contract Against Defendant Salyer)

16      1.      For damages in the cumulative principal amount of $315,772.34;

17      2.      For interest and/or finance charges thereon at the highest legal rate from the date

18 | the obligations became due and payable to Plaintiff;

19      3.      For reasonable attorney's fees and costs of suit incurred herein; and

20      4.      For such other and further relief as the Court may deem just and proper.

21                              **SECOND CAUSE OF ACTION**

22                          (Common Counts Against Defendant Salyer)

23      1.      For damages in the cumulative principal amount of $315,772.34;

24      2.      For interest and/or finance charges thereon at the highest legal rate from the date

25 | the obligations became due and payable to Plaintiff;

26      3.      For reasonable attorney's fees an costs of suit incurred herein; and

27

28 | *Sabor's Complaint in Intervention for Violations of the Perishable*
*Agricultural Commodities Act*                    15
Case No. 09-cv-04983 JF

1     4.    For such other and further relief as the Court may deem just and proper.

2              **THIRD CAUSE OF ACTION**

3     (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

4     1.    For an order requiring Defendants to immediately account for and pay all PACA

5 trust assets to Plaintiffs in the cumulative principal amount of at least $315,772.34;

6     2.    For interest and/or finance charges thereon at the highest legal rate from the date

7 the obligations became due and payable to Plaintiff;

8     3.    For reasonable attorney's fees and costs of suit incurred herein; and

9     4.    For such other and further relief as the Court may deem just and proper.

10              **FOURTH CAUSE OF ACTION**

11 (Violation of PACA: Failure to Account and Pay Promptly Against Sayler American and

12                         Franson)

13     1.    For damages in the cumulative principal amount of at least $315,772.34;

14     2.    For an order requiring Franson to immediately account for and pay all PACA trust

15 assets to Plaintiffs in the cumulative principal amount of at least $315,772.34;

16     3.    For interest and/or finance charges thereon at the highest legal rate from the date

17 the obligations became due and payable to Plaintiff;

18     4.    For reasonable attorney's fees and costs of suit herein incurred; and

19     5.    For such further and other relief as the Court may deem just and proper.

20              **FIFTH CAUSE OF ACTION**

21          (Unjust Enrichment Against All Defendants)

22     1.    For damages in the cumulative principal amount of at least $315,772.34;

23     2.    For interest and/or finance charges thereon at the highest legal rate from the date

24 the obligations became due and payable to Plaintiff;

25     3.    For reasonable attorney's fees and costs of suit incurred herein; and,

26     4.    For such other and further relief as the Court may deem just and proper.

27 //

28   *Sabor's Complaint in Intervention for Violations of the Perishable*
*Agricultural Commodities Act*          16
Case No. 09-cv-04983 JF

### SIXTH CAUSE OF ACTION

(Conversion Against All Defendants)

1.     For damages in the cumulative principal amount of at least $315,772.34;

2.     For interest and/or finance charges thereon at the highest legal rate from the date the obligations became due and payable to Plaintiff;

3.     For reasonable attorney's fees and costs of suit incurred herein; and,

4.     For such other and further relief as the Court may deem just and proper.

### SEVENTH CAUSE OF ACTION

(Constructive Trust and Accounting Due to Breach of Fiduciary Duty Against All Defendants)

1.     For an order declaring that Defendants hold monies and/or perishable agricultural commodities in the amount of at least $315,772.34;

2.     For an accounting of all sales returns and proceeds from Defendants' resale of the produce at issue;

3.     For interest and/or finance charges thereon at the highest legal rate from the date the obligations became due and payable to Plaintiff;

4.     For reasonable attorney's fees and costs of suit incurred herein; and,

5.     For such other and further relief as the Court may deem just and proper.

### EIGHTH CAUSE OF ACTION

(Breach of Fiduciary Duty to PACA Trust Beneficiaries Against Franson)

1.     For damages in the cumulative principal amount of at least $315,772.34;

2.     For an order entering judgment against Franson for breach of his fiduciary duties to the PACA trust and the PACA trust beneficiaries including Plaintiffs, in the cumulative principal amount of at least $315,772.34;

3.     For interest and/or finance charges thereon at the highest legal rate from the date the obligations became due and payable to Plaintiff;

4.     For reasonable attorney's fees and costs; and

5.     For such other and further relief as the Court may deem just and proper.

**NINTH CAUSE OF ACTION**

(Injunctive Relief and/or Temporary Restraining Order Against All Defendants)

1.   For an accounting and injunctive relief to turn over all amounts subject to the PACA trust;

2.   For interest and/or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.   For reasonable attorney's fees and costs of suit incurred herein; and

4.   For such other and further relief as the Court may deem just and proper.

**TENTH CAUSE OF ACTION**

(For Declaratory Relief Against All Defendants)

1.   For a declaratory judgment establishing that:

      (a)   The PACA trust assets held by Salyer American, Franson, and/or the Bank never became the property of Salyer American, Franson, and/or the Bank, and they must be immediately turned over to Plaintiff and other properly perfected PACA trust creditors of Salyer American, until they are paid in full, including pre and post-judgment interest and attorney's fees;

      (b)   The PACA trust assets held by Salyer American, Franson, and/or the Bank may not be used to pay any non-PACA claim or for any other purpose without the consent of Plaintiff, until Plaintiff and other properly perfected PACA trust creditors are paid in full, including pre and post-judgment interest and attorney's fees;

      (c)   Plaintiff's PACA trust claims and the claims of all other properly perfected PACA trust creditors are superior to and take priority over all secured and unsecured claims (including the Bank's claim to the PACA trust assets transferred to, diverted to, or seized by the Bank) to Salyer American's accounts receivable, inventory, and proceeds, or assets

*Sabor's Complaint in Intervention for Violations of the Perishable*
*Agricultural Commodities Act*     18
Case No. 09-cv-04983 JF

1    purchased or maintained with the proceeds, from the sale of perishable

2    agricultural commodities;

3    (d)    All PACA trust assets transferred, diverted, or seized by Franson and/or

4    the Bank are held in constructive trust by Franson and/or the Bank for the

5    benefit of Salyer American's PACA trust creditors, including Plaintiff,

6    and Franson and/or the Bank must immediately disgorge these assets

7    until Plaintiff and other similarly situated properly perfected PACA trust

8    beneficiaries of Salyer American are paid in full, including pre and post-

9    judgment interest and attorney's fees;

10   2.    For such other and further relief as the Court may deem just and proper.

11   Dated: August 30, 2010                    LOMBARDO & GILLES, LLP

12

13                                      By: _Kelly Sutherland_

14                                          Kelly McCarthy Sutherland
                                            Attorneys for Plaintiff
15                                          Sabor Farms, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28   *Sabor's Complaint in Intervention for Violations of the Perishable*
     *Agricultural Commodities Act*                    19
     Case No. 09-cv-04983 JF