**E-Filed 10/8/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HIGASHI FARMS, INC., a corporation; K&S FARMS, LLC, a limited liability company; M. NISHIMORI FARMS, INC., a corporation; MANN PACKING CO., INC., a corporation; MARTIN JEFFERSON & SONS, a partnership; MERRILL FARMS, LLC; a limited liability company; NEW STAR FRESH FOODS, LLC, a limited liability company; TAYLOR FARMS CALIFORNIA, INC., a corporation;<br><br>                Plaintiffs,<br><br>                v.<br><br>BANK OF THE WEST, a California banking corporation, as administrative agent for itself; AGSTAR FINANCIAL SERVICES, PCA/FLCA, and FCS FINANCIAL, PC; STEVE FRANSON, as receiver for SALYER AMERICAN FRESH FOODS, a California corporation; SALYER AMERICAN FRESH FOODS, a corporation,<br><br>                Defendants. | Case No. 5:09-cv-04983-JF/PVT<br><br>ORDER[1] GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>[Docket No. 73] |

Plaintiffs Higashi Farms, Inc.; K&S Farms, LLC; M. Nishimori Farms, Inc. ("Nishimori"); Mann Packing Co., Inc.; Martin Jefferson & Sons; Merrill Farms, LLC; New Star

---

[1] This disposition is not designated for publication and may not be cited.

Fresh Foods, LLC, and Taylor Farms California, Inc. (collectively, "Plaintiffs") move pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file a second amended complaint, seeking (1) to add an additional defendant, Scott Salyer ("Salyer"), and (2) to add $50,737.50 to Nishimori's claim. Intervener Green Star Produce Marketing, Inc. ("Green Star") joins the motion, and Defendants Bank of the West, AgStar Financial Services PCA/FLCA, and FCS Financial, PCA (collectively, "the Bank"); Steven Franson ("Franson"); and Salyer American Fresh Foods ("Salyer American") (collectively, "Defendants") have not filed opposition to the motion. For the reasons set forth below, the motion will be granted.

## I. BACKGROUND

Plaintiffs, together with Intervening Plaintiffs Green Star; G&H Farms, LLC; John S. Tamagni & Sons, Inc.; Pedrazzi Farms, Inc.; Ed Mehl; C&G Garms, Inc.; Greenheart Farms, Inc.; and Sabor Farms, LLC (collectively, "Intervenors"), allege that Salyer American has not paid for produce supplied by them. As a result of a complaint filed against Salyer American by the Bank, the Monterey Superior Court appointed Franson as the receiver of Salyer American. Plaintiffs and Intervenors assert claims pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq.*, seeking to enforce their PACA trust rights. In an order dated July 19, 2010, the Court ordered the Bank to establish a segregated PACA account and established a PACA claims procedure. Plaintiffs filed a first amended complaint on October 28, 2009 and now seek leave to file a second amended complaint. Defendants have filed opposition to the PACA claims of Plaintiffs and Intervenors, but they do not oppose the instant motion.

## II. DISCUSSION

Leave to amend a pleading before trial should be "freely give[n] …when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, this policy is applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). However, When considering whether to grant leave to amend, a district court may consider four factors: (1) existence of bad faith; (2) whether the amendment will cause undue delay; 3) prejudice to the opposing party; and (4) futility. *Id*. Undue delay on its own does not justify denial of a motion for leave to amend. However, if undue delay is accompanied

by prejudice to the defendant, denial of a motion for leave to amend may be justified. *See, e.g.*, *Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999). In the absence of prejudice or other negative factors, the party opposing the motion to amend has the burden of showing why amendment should not be granted. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

      Plaintiffs assert that Salyer is an officer, director, and/or shareholder in Salyer American and that he therefore is liable individually for Salyer American's alleged failure to preserve PACA trust assets. *See Sunkist Growers v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) (quoting *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D.N.Y. 1993) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act."). Nishimori contends that Salyer American agreed to make ten equal payments of $50,737.50 to purchase fifty percent of a celery crop and that Salyer American made only nine such payments. Nishimori alleges that Defendants distributed net proceeds of the sale of the celery to Nishimori based upon an assumption that Salyer owned fifty percent of the crop rather than forty-five percent of the crop. As a result, Nishimori now claims that Defendants either are liable for an additional $50,737.50 or must remit an additional five percent of the sales proceeds of the celery crop.

      While nearly a year has passed since Plaintiffs previously amended their complaint, and Plaintiffs do not offer an explanation for the delay, there is no evidence of bad faith. Plaintiffs have explained their legal theories in support of the proposed amended claims, and the amended claims do not appear to be futile. The issue is whether the amendment will cause undue delay that will create unfair prejudice to Defendants. Under the schedule set by the Court's order of July 19, 2010, the last day to file and serve an intervening complaint was September 1, 2010, and the last day to for Defendants to object to the PACA claims was October 1, 2010. Plaintiffs now seek to amend their complaint, potentially delaying the remaining case schedule. However, by not responding to the instant motion, Defendants have not demonstrated that any delay would result in undue prejudice, and mere delay standing alone is an insufficient basis for denying a

3

1  motion to amend. *See, e.g.*, *Bowles*, 198 F.3d at 758-59. Accordingly, the motion will be
2  granted. *See Owens*, 244 F.3d at 712.
3        The Court will modify the case schedule as set forth herein. Plaintiffs must file their
4  amended compliant by 4:00 p.m., October 12, 2010. Defendants' objections to the amended
5  claims must be filed on or before October 18, 2010. The schedule otherwise remains unchanged.

IT IS SO ORDERED.

DATED: 10/8/10

_____
JEREMY FOGEL
United States District Judge